**COLORADO DIVISION OF INSURANCE and Clay A. Heath, Appellees,**

v.

**MIDWEST MUTUAL INSURANCE COMPANY, Appellant.**

No. 97CA0898.

Colorado Court of Appeals, Div. II.

July 9, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Stephen G. Smith, Assistant Attorney General, Denver, for Appellee Colorado Division of Insurance.

No Appearance for Appellee Clay A. Heath.

Anderson, Campbell & Laugesen, P.C., Robert L. McGahey, Jr., Stacy Tarler, Denver, for Appellant Midwest Mutual Insurance Co.

Opinion by Judge CRISWELL.

In this judicial review of a final order entered by the Colorado Division of Insurance, Midwest Mutual Insurance Company (insurer) appeals from the determination by the Commissioner of Insurance (Commissioner) that disallowed a proposed increase of premium charged to Clay Heath (insured). We affirm.

In March 1997, the insurer notified the insured that the annual premium for his automobile policy would, effective April 21, 1997, be increased by more than $250. The reason given for such increase was:

Surcharge premium for accident—claim 12/17/96 when Clay pulled out in front of another vehicle. Paid $960.49 under collision.

The insured filed a protest of this action with the Commissioner. The insured's protest was upheld, and the Commissioner ordered the insurer to offer to renew the insured's policy without any increase in premium. It is that order that the insurer asks us to review.

Sections 10–4–720(1) and 10–4–720(2), C.R.S.1997, prohibit an insurer from cancelling a casualty insurance policy (except for non-payment of a premium) or from increasing a premium for such a policy (except as a part of a general increase approved by the Commissioner), unless written notice of such action is given to the insured at least 30 days before the effective date of any such action.

Section 10–4–720(2)(c), C.R.S.1997, requires that this notice set forth:

The insurer's actual reasons for proposing to take such action. The statement of reasons shall be sufficiently clear and specific so that a person of average intelligence can identify the *basis* for the insurer's decision without making further inquiry. Generalized terms such as 'personal habits', 'living conditions', 'poor morale', or 'violation or accident record' shall not suffice to meet the requirements of [this statute]. (emphasis supplied)

Upon protest by an insured, the Commissioner is charged with determining whether an insurer's action to cancel a policy or to increase a premium is proper. *See* §§ 10–4–720(5) through 10–4–720(8), C.R.S.1997. And, the Commissioner has been given general authority to adopt any rules and regulations necessary to carry out his or her duties, § 10–1–109, C.R.S.1997, as well as the specific authority to adopt a certified form of the notice to be given under § 10–4–720, C.R.S. 1997.

Pursuant to this authority, the Commissioner, acting jointly with the Executive Director of the Department of Revenue, adopted a regulation that repeated, in substance, the provisions of § 10–4–720(2)(c). Department of Revenue Regulation No. 5–2–3, parts III(D)(4b) and III(D)(5a), 3 Code

Colo. Reg. 702–5 (as the same existed before February 1, 1998).

In addition, the Commissioner issued Interpretative Bulletin No. 3–86 that provided as follows:

> In order for the Automobile Insurance Carrier to comply [with the above regulation] ... the company must state in clear and specific language *the reasons* for the proposed action and must also clearly describe *its underwriting rule, policy, or guideline which is the basis for the proposed action.*
>
> Additionally, the insurer's underwriting rules or guidelines must be placed on file with the Division of Insurance. (emphasis supplied)

It was based upon the contents of this interpretative bulletin that the insurer's notice here was deemed to be defective and the insured's protest was upheld.

■ In its argument before us, the insurer has not asserted that this interpretative bulletin was not binding upon it because the procedure used to adopt it was improper. And, we note that, effective February 1, 1998, the substance of that bulletin has been incorporated into the Commissioner's regulations. *See* Department of Revenue Amended Regulation 5–2–3 Section 3E.2.a., 3 Code Colo. Reg. 702–5. The insurer does argue, however, that the interpretation adopted by this bulletin is unauthorized because the statute cannot reasonably be interpreted as requiring the pertinent notice to make reference to the insurer's underwriting rule, policy, or guideline. We disagree.

■ An administrative regulation must further the will of the General Assembly and may not modify or contravene an existing statute. *Miller International, Inc. v. State,* 646 P.2d 341 (Colo.1982). Hence, if the statute unambiguously expresses the legislative intent upon the issue under consideration, that intent is controlling and is not subject to modification by the agency. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

■ However, if the legislative intent with respect to the subject of the agency rule is not clear and the statute may reasonably bear the interpretation adopted by the agency, its regulation will be upheld, unless it can be said to be arbitrary, capricious, or clearly inconsistent with the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., supra; Wine & Spirits Wholesalers of Colorado, Inc. v. Colorado Department of Revenue,* 919 P.2d 894 (Colo.App. 1996).

■ Further, the initial presumption is that the regulation is proper. The burden is upon the party challenging the regulation to demonstrate its invalidity. *See* § 24–4–106(7), C.R.S.1997; *Regular Route Common Carrier Conference v. Public Utilities Commission,* 761 P.2d 737 (Colo.1988); *Amax, Inc. v. Colorado Water Quality Control Commission,* 790 P.2d 879 (Colo.App.1989).

Here, the governing statute requires an insurer to describe the "basis" for its action. But, that word can bear either one of at least two reasonable meanings.

On the one hand, given the statute's later description of improper "generalized terms," all of which refer to descriptions of *facts* upon which the insurer bases its action, it could reasonably be concluded that the statute's prior reference to the "basis" for the carrier's action was intended to be limited to the *factual* basis for that decision.

Yet, the common meaning of "basis" is not so limited. It is commonly understood to mean the foundation for something; a principal component of anything. *See Black's Law Dictionary* 138 (6th ed.1990); *Webster's Third New International Dictionary* 182 (1986).

Under this latter interpretation, merely describing the facts upon which the cancellation or increase in premium is grounded does not describe the "basis" for the action. It is only if those facts come within an underwriting rule, policy, or guideline that their occurrence becomes relevant to the insurer's action. It is only the *combination* of an existing rule, policy, or guideline *and* the occurrence of events causing it to become applicable that furnishes an insurer a "basis"

for cancelling a policy or increasing a premium.

We conclude, therefore, that the statute at issue here does not clearly and unambiguously reflect a singular intent with respect to whether an insurer, when providing the required notice to an insured, must refer to the significant rule, policy, or guidelines upon which it bases its decision. We also conclude that interpreting the statute as requiring such a reference is a reasonable one that is neither arbitrary, capricious, nor inconsistent with the statute's terms. *See Atlantic Mutual Insurance Co. v. Commissioner of Internal Revenue,* —— U.S. ——, 118 S.Ct. 1413, 140 L.Ed.2d 542 (1998) (in determining whether agency regulation is proper, question is not whether agency's interpretation of the statute is the best one, but whether it is a reasonable one). Hence, we reject the insurer's challenge to the Commissioner's interpretation of the pertinent statute.

The order of the Division of Insurance is affirmed.

NEY and BRIGGS, JJ., concur.